**KEVIN C. ALLEN, ESQUIRE**                    **ATTORNEY FOR PLAINTIFF**
**CRYSTLE, ALLEN & BRAUGHT, LLC**
**143 NORTH DUKE STREET**
**LANCASTER, PA 17602**
**ATTORNEY I.D. NO.: 55232**
**PHONE: 717- 393-0600**
**FACSIMILE 717-396-1028**

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL ACTION

| | |
|---|---|
| **AMY DEMASCOLO,** | : |
| **ADMINISTRATRIX FOR THE ESTATE OF** | : |
| **JAMES J. HODAPP, JR.** | : |
| **204 Oakfield Court West** | : |
| **Lancaster, PA 17603** | : |
| **Plaintiff** | : |
| | :    **No.: 04-3557** |
| **v.** | : |
| | : |
| **LANCASTER COUNTY,** | : |
| **120 N. Duke Street** | : |
| **Lancaster, PA 17602** | : |
| | : **JURY TRIAL DEMANDED** |
| **AND** | : |
| | : |
| **WARDEN VINCENT GUARINI** | : |
| **625 East King Street** | : |
| **Lancaster, PA 17602** | : |
| | : |
| **AND** | : |
| | : |
| **CORRECTIONS OFFICER JOHN BURKE** | : |
| **625 East King Street** | : |
| **Lancaster, PA 17602** | : |
| | : |
| **AND** | : |
| | : |
| **CORRECTIONS OFFICER CLINTON PROBST** | : |
| **625 East King Street** | : |
| **Lancaster, PA 17602** | : |

                **AND**                :

                :

**CORRECTIONS OFFICER JOHN FAULKNER**  :
     **625 East King Street**         :
     **Lancaster, PA 17602**        :
                :

                **AND**                :

                :

**JOHN DOE and RICHARD ROE, UNKNOWN**  :
**CORRECTION OFFICER(S) and PRISON STAFF**  :
     **625 East King Street**         :
     **Lancaster, Pa  17602**       :
                :
                :

**ADDITIONAL DEFENDANTS:**        :

                :

**MARGARET.L. CATALFAMO, R.N., Medical Staff**  :
     **162 Fox Hollow Road**       :
     **Pequea, PA 17565**         :
                :

                **AND**                :

                :

**STEPHANIE D. BRODT, R.N., Medical Staff**  :
     **671 Valley Road**         :
     **Lancaster, PA 17601**        :
                :

                **AND**                :

                :

**DONNA SCHAIRER, L.P.N., Medical Staff**  :
     **103 Arrowhead Court**       :
     **Lancaster, PA 17603**       :
                :

                **AND**                :

                :

**ROBERT DOE, M.D., Medical Staff**  :
     **625 East King Street**         :
     **Lancaster, PA 17602**        :
                :

                **AND**                :

                :

**CARRIE McWILLIAMS, Mental Health Counselor**  :
     **625 East King Street**         :
     **Lancaster, PA 17602**        :
                :

       **AND**              :
                                         :

**BONNIE BAIR, Mental Health Counselor**   :
      **625 East King Street**            :
      **Lancaster, PA 17602**           :
                                         :

       **AND**               :
                                         :

**TROY WALTZ, Mental Health Counselor**  :
      **625 East King Street**            :
      **Lancaster, PA 17602**           :

## FIRST AMENDED CIVIL ACTION COMPLAINT

**INTRODUCTION**

     1     Plaintiff files this First Amended Civil Action Complaint pursuant to F.R.C.V.P. 15. Plaintiff has not previously filed an Amended Civil Action Complaint. The adverse party is aware of Plaintiff's intention to file an Amended Civil Action and has given consent to do so in writing. See Plaintiff's attachment #1.

     2.     This is an action for money damages against Lancaster County, Vincent Guarini, Corrections Officer John Burke, Corrections Officer Clinton Probst, Corrections Officer John Faulkner, Margaret L. Catalfamo, R.N., Stephanie Brodt, R.N., Donna Schairer, L.P.N., Robert Doe, M.D., Carrie McWilliams, Mental Health Counselor, Bonnie Bair, Mental Health Counselor, Troy Waltz, Mental Health Counselor, John Doe and Richard Roe, correction officers and staff of the County of Lancaster for violations of Plaintiff's constitutional rights.

     3.     Plaintiff alleges that Defendants Burke, Probst, Faulkner, John Doe and Richard Roe, unknown correction officers, with reckless disregard and deliberate indifference to the

safety of the Decedent, unlawfully used excessive force thereby resulting in serious personal injury to the Plaintiff.

4.     Plaintiff further alleges that Defendants Guarini, Burke, Probst, Catalfamo, Brodt, Schairer, Dr. Robert Doe, McWilliams, Bair, Waltz, and other unknown officers and prison staff, John Doe and Richard Roe, were deliberately indifferent to the Decedent's serious medical needs and rather than appropriately attend to his serious medical needs, placed Plaintiff in administrative segregation and failed to monitor him thereby resulting in his death by hanging.

5.     Plaintiff further alleges that defendants Lancaster County and Vincent  Guarini, Warden of the Lancaster County Prison, with deliberate indifference, failed to adequately and properly supervise and train corrections officers and prison staff concerning the care and treatment of mentally ill inmates including the plaintiff's decedent and this failure was the proximate cause of the death of the Plaintiff's Decedent, James J. Hodapp, Jr.

6.     The actions of the Defendants were without legal justification thereby violating Plaintiff's Decedent's rights under the laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments of the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. §§ 12, 131-12, 165 (1994) and the Decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania including 37 Pa. Code, § 91.6 *et seq*.   Through the use of excessive force and the deliberate indifference to the Decedent's serious medical needs and without just cause Defendant prison staff members violated the laws of the Commonwealth of Pennsylvania, the Rules and Regulations of the Lancaster County Prison and the County of Lancaster, regarding the use of force, administrative segregation and the care and treatment of suicidal inmates.  Plaintiff alleges that Lancaster County and Warden Vincent Guarini failed to provide training and supervision concerning the rights of inmates and the lawful use of force and

treatment of mentally ill inmates by corrections officers and prison staff amounting to gross negligence, reckless disregard and deliberate indifference to the safety and lives of the inmates within the prison particularly the Plaintiff's Decedent James J. Hodapp, Jr.

7.    Further, Defendants Vincent Guarini and Lancaster County are directly liable and responsible for the acts of all of the Defendants because they repeatedly and knowingly failed to enforce the laws and guidelines of Pennsylvania and the regulations of Lancaster County Prison and Lancaster County pertaining to the use of force, administrative segregation and treatment of mentally ill inmates thereby creating within the Lancaster County Prison Corrections Department an atmosphere of lawlessness in which corrections officers use excessive and illegal force and administrative segregation in the belief that such acts will be condoned and justified by their superiors.

8.    Plaintiff files the within Civil Action Complaint and requests judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees pursuant to 42 U.S.C. § 1988 and damages for delay.

**JURISDICTION**

9.    This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. §§ 12, 131-12, 165 (1994) and the 4th, 8th and 14th Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes pendant jurisdiction of this Court to consider claims arising under laws of the Commonwealth of Pennsylvania.

**PARTIES**

10.    Plaintiff, Amy DeMascolo, is the Administratrix of the Estate of James J. Hodapp, Jr., letters of administration having been granted on December 31, 2003, by the Register of Wills of Lancaster County, Pennsylvania.

11.    Plaintiff brings this action pursuant to Pa. Cons. Stat. § 8301 and Pa. R.C.P. 2202(a) as the personal representative of Decedent James J. Hodapp, Jr., on her own behalf and on behalf of all those entitled by law to recover damages for the wrongful death of Decedent James J. Hodapp, Jr.

12.    The names and address of persons legally entitled to recover damages for the death of Decedent and the relationship to the Decedent James J. Hodapp, Jr. are as follows:

| Name | Address | Relationship to Decedent |
|------|---------|--------------------------|
| Amy DeMascolo, | 204 Oakfield Court West Lancaster, Pennsylvania, 17603 | Wife |
| Sally Grigg | 19 A Elmwood Drive Landisville, PA 17538 | Mother. Decedent was the first born and only son of Sally Grigg |
| Madeleine Hodge | 204 Oakfield Court West Lancaster, PA 17603 | Stepdaughter |
| Angelica Hodge | 204 Oakfield Court West Lancaster, PA 17603 | Stepdaughter |
| Joseph DeMascolo | 204 Oakfield Court West Lancaster, PA 17603 | Stepson |

13.    Upon information and belief, Plaintiff's Decedent had no other children living. The above named beneficiaries are his proper and only surviving heirs and are the only necessary Plaintiffs in this case.

14.     Plaintiff brings this action on behalf of Decedent's estate pursuant to 20 Pa. Constitutional Statute § 3373 and 42 Pa. Constitutional Statute § 8302 for damages suffered by the estate as a result of Decedent's death as well as for the pain, suffering, humiliation and inconvenience which Decedent underwent prior to his death.

15.     At no time during his life did Plaintiff's Decedent James J. Hodapp, Jr. bring an action to recover damages for his personal injuries concerning this matter and no other action has been commenced to recover damages for his death.

16.     Defendant Lancaster County is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is located at 50 North Duke Street, in the City and County of Lancaster, and at all times relevant, employed the Defendants Vincent Guarini, Corrections Officer Probst, Corrections Officer Burke, Corrections Officer Faulkner, M.L. Catalfamo, R.N., Stephanie Brodt, R.N., Donna Schairer, L.P.N., Dr. Robert Doe, Carrie McWilliams, Bonnie Bair, Troy Waltz, and John Doe and Richard Roe, the names and numbers of whom are unknown.

17.     Defendant Vincent Guarini was, at all times relevant as described in this Complaint, the Warden of the Lancaster County Prison and was acting in this capacity as the agent, servant and employee of Defendant Lancaster County with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  As Warden he was the commanding officer of Defendants Probst, Burke, Faulkner, Catalfamo, Brodt, Schairer, Doe, McWilliams, Bair, Waltz, and other unknown officers and prison staff and was responsible for the training, supervision and conduct of said Defendants as more fully set forth below.  He is responsible by law for enforcing the  regulations of the County of Lancaster Corrections Department and the Commonwealth of

Pennsylvania in particular Title 37 of the Pennsylvania Code and the American Correctional Association Standards and for ensuring that Lancaster County corrections officers and staff obey the laws of the Commonwealth of Pennsylvania and United States of America. He is being sued individually and in his official capacity as Warden for the Lancaster County Prison.

18.     Defendant Corrections Officer Clinton Probst was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Probst was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County Corrections Officer.

19.     Defendant Corrections Officer John Burke was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Burke was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County Corrections Officer.

20.     Defendant Corrections Officer John Faulkner was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Faulkner was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County Corrections Officer.

21.    Defendant Margaret L. Catalfamo, R.N., was, at all times relevant, a duly appointed medical staff personnel of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Catalfamo was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County medical staff personnel.

22.    Defendant Stephanie Brodt, R.N., was, at all times relevant, a duly appointed medical staff personnel of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Brodt was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County medical staff personnel.

23.    Defendant Donna Schairer, L.P.N., was, at all times relevant, a duly appointed medical staff personnel, of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Schairer was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County medical staff personnel.

24.    Defendant Robert Doe, M.D., was, at all times relevant, a duly appointed medical staff personnel of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Doe was acting in his capacity as the agent, servant and/or employee of the Defendant

Lancaster County.  He is being sued individually and in his official capacity as a Lancaster County medical staff personnel.

25.     Defendant Carrie McWilliams, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant McWilliams was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County.  She is being sued individually and in her official capacity as a Lancaster County mental health counselor.

26.     Defendant Bonnie Bair, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Bair was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County mental health counselor.

27.     Defendant Troy Waltz, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Waltz was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County mental health counselor.

28.     Defendant Corrections Officers and staff members John Doe and Richard Roe the names, gender, and numbers of whom are unknown at this time were duly appointed corrections officers or staff members of the County of Lancaster and the Lancaster County Prison with a

business address of 625 East King Street, Lancaster, Pennsylvania, 17602.  At all times relevant,

John Doe and Richard Roe were acting in their capacity as the agents, servants and employees of

the Defendant Lancaster County.  They are being sued individually and in their official capacity

as Lancaster County Corrections Officers and/or Lancaster County staff employees.

**CAUSE OF ACTION**

**COUNT ONE**
**PLAINTIFF**
**V.**
**DEFENDANTS PROBST, BURKE, FAULKNER, JOHN DOE AND RICHARD ROE**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 28, the

same as if set forth at length herein.

29.     On or about December 4, 2004, Plaintiff's Decedent, James J. Hodapp, Jr.,

hereinafter "Hodapp" was incarcerated at the Lancaster County Prison.

30.     From December 4, 2004 until on or about December 12, 2004, Plaintiff's

Decedent was for various periods of time housed in the medical housing unit on a suicide watch.

31.     On or about December 4, 2004, Plaintiff Amy DeMascolo, notified the prison

nurse that the Decedent was on the prescription medication Paxil and that he requires that

medication to control his clinical depression.  Further, Plaintiff provided the prison nurse with

the Decedent's family physician's name and telephone number so that she could obtain a new

prescription for the medication if the decedent did not have any medication with him when he

was incarcerated.  Decedent never received his medication.

32.     Upon information and belief, throughout the course of Plaintiff's Decedent's

incarceration from December 4, 2004 through December 14, 2004, he consistently threatened to

commit suicide.

33.    Upon information and belief, on or about December 10, 2004, Officer John Faulkner along with unknown corrections officers assaulted Plaintiff's Decedent and subjected him to excessive use of force causing him to sustain serious personal injuries as a result thereof.

34.    Upon information and belief, after being transferred to administrative segregation (C2 annex) the Plaintiff's Decedent repeatedly threatened suicide including on the evening of December 13 and the early morning hours of December 14, 2003.

35.    Upon information and belief Plaintiff's Decedent advised Defendant Corrections Officers Probst and Burke, Nurses Brodt, Catalfamo, and Schairer, and Counselors McWilliams, Bair and Waltz, as well as other unknown prison staff of his intent to commit suicide.

36.    Despite Plaintiff's Decedent's threats to commit suicide and his clear cries for help, his pleas were ignored by Defendant's Guarini, Probst, Burke, Doe and Roe, Catalfamo, Brodt, Schairer, Dr. Robert Doe, McWilliams, Bair, Waltz, as well as unknown prison staff and guards and the Plaintiff's Decedent committed suicide by hanging in the early morning hours of December 14, 2003.

37.    Defendant Corrections Officers and prison staff, through the use of excessive force, caused the Plaintiff to suffer multiple contusions, injuries, pain and suffering and great mental anguish and distress all without just and legal cause thereby violating Plaintiff's Decedent's rights under the Laws and Constitution of the United States in particular 42 U.S.C. § 1983 and the 4th, 8th and 14th Amendments to the United States Constitution and the Decedent's rights under the Constitution and Laws of the Commonwealth of Pennsylvania.  In causing injury to the Plaintiff's Decedent through the use of excessive force, Defendant Corrections Officers and prison staff directly violated the Laws of the Commonwealth of Pennsylvania and the Rules and Regulations of Lancaster County Prison and Lancaster County regarding the use of force.

38.     Defendant Corrections Officers and prison staff injured the Plaintiff without just and legal cause, with reckless indifference to the safety of the Decedent thereby violating Decedent's rights under the Laws and Constitution of the United States in particular 42 Pa. U.S.C. § 1983 and the 4th, 8th and 14th Amendments to the United States Constitution and Plaintiff's rights under the Constitution and Laws of the Commonwealth of Pennsylvania.

39.     As a direct and proximate result of the above described unlawful, reckless, arbitrary, intentional and malicious acts of Defendants under color of their authority as corrections officers and prison staff and while acting in that capacity, Decedent James J. Hodapp, Jr. suffered serious bodily harm all of which is in violation of his rights under the Laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments thereof and 42 U.S.C. § 1983.

40.     Decedent James J. Hodapp, Jr. was the victim of summary punishment at the hands of Defendant Corrections Officers and prison staff.  The punishment administered was grossly disproportionate to whatever Decedent's acts may have been which constitutes cruel and unusual punishment.  Further, Plaintiff's Decedent was deprived of his right to due process of law under the Laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments thereof.  In causing injury to the Plaintiff's Decedent, Defendants' actions were unwarranted, cruel, arbitrary, reckless, inhuman, unjustifiable and excessive.

41.     As a further result of the above described acts and omissions, Decedent James J. Hodapp, Jr. was deprived of the rights and immunities secured to him under the Constitution and Laws of the United States and the Commonwealth of Pennsylvania to be secure in his person and to be free from punishment without due process.

42.    The named Defendant Corrections Officers as well as the unknown corrections officers and staff subjected Plaintiff's Decedent to the deprivation of his rights either maliciously, arbitrarily, or by acting with reckless disregard for whether the Plaintiff's rights would be violated by these actions.

43.    As a direct and proximate result of the acts and omissions of the Defendants, Decedent James J. Hodapp, Jr. suffered severe personal injuries, was forced to endure great physical pain and suffering and was forced to endure great mental and emotional pain and suffering all to his great detriment and loss.

44.    Upon information and belief, Defendants Corrections Officers and staff denied Plaintiff's Decedent his prescribed medication, Paxil, to control his depression.

45.    Despite Plaintiff's Decedent's repeated threats to commit suicide and despite the knowledge of Lancaster prison staff, corrections officers and Defendant Warden Guarini  that Decedent had attempted suicide in the past, Decedent was not provided with psychiatric care or medication, was denied treatment in the medical housing unit and was not appropriately monitored.  Further, Decedent was placed in a cell with access to means to hang himself, all in violation of his civil rights and with deliberate indifference to his serious medical needs.

46.    On or about December 14, 2003, as a direct and proximate result of the Defendants' deliberate indifference to the Plaintiff's Decedent's serious medical needs, the Decedent committed suicide by hanging himself with a sheet from the bars of his cell.

47.    As a direct and proximate result of the deliberate indifference of Defendants Probst, Burke, and unknown corrections officers and staff, Plaintiff's Decedent suffered severe personal injuries, was forced to endure great physical pain and suffering and was forced to endure great mental and emotional pain and suffering and death by hanging.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT TWO**
**PLAINTIFF**
**V.**
**DEFENDANTS CATALFAMO, BRODT, SCHAIRER, DR. DOE,**
**McWILLIAMS, BAIR AND WALTZ**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 47, the same as if set forth at length herein.

48.    On or about December 4, 2003, Plaintiff's Decedent was incarcerated at the Lancaster County Prison.

49.    At the time of his incarceration and until his death on December 14, 2003, Plaintiff's Decedent repeatedly threatened suicide due to severe emotional distress and mental illness.

50.    Defendants were aware of Hodapp's extreme emotional upset and threats of suicide, however, refused to arrange to have the Decedent seen by a counselor or psychiatrist or offer counseling in an attempt to diffuse the situation.

51.    Defendant, Margaret Catalfamo, was aware by information provided by Plaintiff's Decedent that Decedent suffered from mental illness and was taking prescription medication for his illness.  Defendant Catalfamo failed to take necessary and reasonable steps to ensure that Decedent was provided his prescribed medications.  Defendant Catalfamo failed to take

reasonable and necessary steps to ensure that Decedent was seen by a psychiatrist, given his prescribed medication or to ensure his safety.

52.     Defendant, Stephanie Brodt, was aware by information provided by Plaintiff's Decedent and Lancaster Prison Personnel that Decedent suffered from mental illness and was taking prescription medication for his illness. Defendant Brodt failed to take necessary and reasonable steps to ensure that Decedent was provided his prescribed medications. Defendant Brodt failed to take reasonable and necessary steps to ensure that Decedent was seen by a psychiatrist, given prescribed medications or to ensure his safety.

53.     Defendant, Donna Schairer, was aware by information provided by Plaintiff's Decedent and Lancaster Prison Personnel that Decedent suffered from mental illness and was taking prescription medication for his illness. Defendant Schairer failed to take necessary and reasonable steps to ensure that Decedent was provided his prescribed medications. Defendant Schairer failed to take reasonable and necessary steps to ensure that Decedent was seen by a psychiatrist or to ensure his safety.

54.     Defendant, Donna Schairer, was aware that Decedent was placed on suicide watch and then removed from suicide watch within a 12 hour span on December 11, 2003 but refused to have Decedent seen by a psychiatrist or to ensure his safety.

55.     Defendant, Dr. Robert Doe, was aware by information provided by Plaintiff's Decedent and Lancaster County Prison Personnel that Decedent suffered from mental illness and was taking prescription medication for his illness. Defendant Doe failed to take necessary and reasonable steps to ensure that Decedent was provided his prescribed medications.

56.     Defendant, Dr. Robert Doe, was aware and gave orders to place Decedent on and remove him from suicide watch at least five times during Decedent's incarceration from

December 4, 2003 to December 14, 2003 but did not provide reasonable medical care by examining Decedent in person and/or referring Decedent for an examination by a psychiatrist or to ensure his safety.

57.    Defendant Carrie McWilliams, was aware by information provided by Plaintiff's Decedent and Lancaster Prison Personnel that Decedent suffered from mental illness and was taking prescription medication for his illness. Defendant McWilliams failed to take necessary and reasonable steps to ensure that Decedent was provided his prescribed medications. Defendant McWilliams failed to take reasonable and necessary steps to ensure that Decedent was seen by a psychiatrist or to ensure his safety.

58.    Defendant, Carrie McWilliams, recommended Decedent be placed on suicide watch on December 12, 2003 because of observing Decedent having positive suicidal ideations. Within 12 hours Decedent was removed from suicide watch. Defendant Carrie McWilliams was aware of these actions in addition to placing Decedent on suicide watch on December 5, 2003, but took no steps to have Decedent seen by a psychiatrist or to ensure his safety.

59.    Defendant, Bonnie Bair, was aware by information provided by Plaintiff's Decedent and Lancaster Prison Personnel that Decedent suffered from mental illness and was taking prescription medication for his illness. Defendant Bair failed to take necessary and reasonable steps to ensure that Decedent was provided his prescribed medications. Defendant Bair failed to take reasonable and necessary steps to ensure that Decedent was seen by a psychiatrist or to ensure his safety.

60.    Defendant, Bonnie Bair, was aware that Decedent was placed on suicide watch multiple times at Lancaster County Prison between December 4 and December 14, 2003, but failed and/or refused to have Decedent seen by a psychiatrist.

61.    Defendant, Troy Waltz, was aware by information provided by Plaintiff's Decedent and Lancaster Prison Personnel that Decedent suffered from mental illness and was taking prescription medication for his illness.  Defendant Waltz failed to take necessary and reasonable steps to ensure that Decedent was provided his prescribed medications.  Defendant Waltz failed to take reasonable and necessary steps to ensure that Decedent was seen by a psychiatrist or to ensure his safety.

62.    Defendant, Troy Waltz, was aware that Decedent was placed on suicide watch multiple times at Lancaster County Prison between December 4 and December 14, 2003, but failed and/or refused to have Decedent seen by a psychiatrist.

63.    Defendants, Carrie McWilliams, Bonnie Bair, and Troy Waltz were aware that Decedent had a positive screening for mental health issues but failed per Lancaster County Prison regulations to refer Decedent for a full mental health evaluation.

64.    Defendants deliberately, intentionally, and/or with deliberate indifference to the Decedent's serious medical needs, failed to provide the Decedent with appropriate monitoring for a suicide watch.

65.    Defendants intentionally, with reckless indifference or with deliberate disregard denied Plaintiff's Decedent reasonable and necessary medications and medical care for his extreme emotional distress and depression without just and legal cause thereby violating Plaintiff's Decedent's rights under the Laws and Constitution of the United States in particular 42 U.S.C. § 1983 and the 4th, 8th and 14th Amendments to the U.S. Constitution and Decedent's rights under the Constitution and Laws of the Commonwealth of Pennsylvania.

66.    In failing to provide appropriate medical care for the Plaintiff's Decedent's emotional distress and depression, Defendants directly violated the laws of the Commonwealth

of Pennsylvania and the Rules and Regulations of Lancaster County and the Lancaster County Prison regarding medical care for inmates.

67.     As a direct and proximate result of the aforesaid actions of Defendants, Decedent James J. Hodapp, Jr. suffered severe personal injuries, was forced to endure great physical pain and suffering and was forced to endure great mental and emotional pain and suffering and death by hanging all to his great detriment and loss.

68.     As a further direct and proximate result of the gross negligence, recklessness, carelessness, deliberate indifference and reckless disregard of Defendants, Plaintiff's Decedent James J. Hodapp, Jr. suffered severe personal injuries including but not limited to multiple contusions, severe pain and suffering, and severe emotional and mental distress all of which ultimately resulted in his death.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT THREE**
**PLAINTIFF**
**V.**
**MUNICIPAL DEFENDANTS WARDEN VINCENT GUARINI**
**AND LANCASTER COUNTY**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 68, the same as if set forth at length herein.

69.     Prior to December 4, 2003, municipal Defendants Warden Vincent Guarini and Lancaster County permitted, encouraged, tolerated and ratified a pattern and practice of

unjustified, unreasonable and illegal use of force as well as a pattern and practice of unjustified,

unreasonable deliberate indifference to the serious medical needs of inmates in that:

(a)    Municipal Defendants failed to discipline or prosecute in any manner, known incidents of abuse of corrections officers' powers and improper use of force and deliberate indifference to serious medical needs of inmates by corrections officers and staff;

(b)    Municipal Defendants refused to investigate complaints of previous incidents of abuse of corrections officers' powers, and improper use of force and deliberate indifference to serious medical needs of inmates and instead officially claimed that such incidents were justified and proper; and

(c)    By means of both inaction and coverup of such abuse of corrections officers' powers, excessive use of force by corrections officers and deliberate indifference to serious medical needs by corrections officers and prison staff, Municipal Defendants led Defendant Corrections Officers and staff to believes that such use of powers, improper use of force and deliberate indifference to the serious medical needs of inmates was permissible.

70.    Municipal Defendants have maintained either no system or an inadequate system

of review of the use of force and medical care of inmates which system has failed to identify

instances of improper use of force and deliberate indifference to serious medical needs or failed

to discipline or closely supervise or retrain prison staff who improperly use force or who are

deliberately indifferent to inmates' serious medical needs.

71.    Upon information and belief the system's deficiencies include but are not limited

to:

(a)    Preparation of investigative reports designed to vindicate the excessive use of force and indifference to serious medical needs regardless of whether such action or actions were justified;

(b)    Preparation of investigative reports which uncritical rely solely on the corrections officers involved in the incidents and which systematically fail to credit testimony by non-corrections officer witnesses';

(c)    Preparation of investigative reports which omit factual information and physical evidence which contradicts accounts of the corrections officers or staff involved;

(d)    Issuance of public statements exonerating officers involved in such incidents prior to the conclusion of investigations; and

(e)    Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

72.    Upon information and belief, Municipal Defendants also maintain a system of grossly inadequate training pertaining to the treatment of inmates suffering with mental illness, pertaining to the law of permissible use of force, and pertaining to the law concerning deliberate indifference to the serious medical needs of inmates.

73.    Upon information and belief, Municipal Defendants provided an inadequate number of guards, doctors, nurses and counselors in relation to the number of prisoners housed in Lancaster County Prison and inadequate medical support services for said prisoners thereby causing the inmates' medical needs to be neglected resulting in the violation of the rights of inmates including Plaintiff's Decedent.

74.    Municipal Defendants failed to promulgate and enforce a policy relating to the use of force which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution thereby causing and encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

75.    Municipal Defendants failed to promulgate and enforce a policy relating to the treatment of serious medical needs of inmates which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution thereby causing and encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

76.    Municipal Defendants failed to adequately sanction or discipline officers who are aware of and subsequently conceal and/or aid in the violations of Constitutional rights of citizens, including the 4th, 8th and 14th Amendment Rights violations by other Lancaster County Prison staff thereby causing and encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

77.    Municipal Defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like Decedent, established a system which fails to identify, track or report instances of improper use of force or improper denial of medical care and which is used by Municipal Defendants to conceal the extent to which corrections officers and staff engage in improper use of force and improper denial of medical care.

78.    The foregoing acts, omissions and systemic deficiencies of policies, practices and customs of Municipal Defendants have caused corrections officers and staff members of Municipal Defendants including the named Defendants and unknown corrections officers and staff in this case to be unaware of or to disregard the rules and laws governing the situations under which it is permissible to engage in the use of force, to be unaware of or to disregard the rules and laws governing medical treatment and/or psychiatric treatment for inmates,  to believe that the excessive use of force and the denial of medical care without just cause is a proper practice for prison staff entirely within the discretion of the officers and staff involved, and that excessive use of force and denial of medical care resulting in injury and death would not be honestly and properly investigated, all with the foreseeable result that officers and staff including the Defendants in the within action are more likely to engage in excessive use of force and to improperly deny medical or psychological care where such action is neither necessary, reasonable, nor legal.

79.     Defendants Warden Guarini and Lancaster County as a matter of policy and practice have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct corrections officers and prison staff concerning the rights of citizens and inmates particularly with regard to the 4th, 8th and 14th Amendments Rights of the U.S. Constitution thereby causing the Defendants in the within matter to engage in the unlawful conduct described above.

80.     Defendant Guarini and Lancaster County are directly liable for their own acts and omissions specifically with regard to the failure to train and the promulgation of violations of Decedent's 4th, 8th and 14th Amendment Rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

81.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs, Municipal Defendants violated Decedent's 4th, 8th and 14th Amendment Rights and improperly engaged in the excessive use of force, improperly denied medical treatment and were deliberately indifferent to the serious medical needs of Plaintiff's Decedent, thereby causing severe personal injury and death, more specifically set forth in paragraphs 43, 47, 67 and 68 of this Complaint.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT FOUR**
**PLAINTIFF**
**V.**
**ALL DEFENDANTS**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 81, the same as if set forth at length herein.

82.    At all times relevant, Defendants were acting as employees of Lancaster County acting at all times within the course and scope of their authority.  The acts of the named Defendants as alleged in the preceding paragraphs constitute the torts of assault and battery all to the Decedent's great detriment and loss.

83.    The acts of Defendants alleged in the preceding paragraphs deprived the Decedent of his rights, privileges and immunities under the Laws and Constitution of the Commonwealth of Pennsylvania in particular the right to be secure in his person and property, to be free from excessive punishment, and the right to due process secured to him by Article I, Sections 1, 8, 9, 13 and 26 of the Pennsylvania Constitution and all to his great detriment and loss.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT FIVE**
**PLAINTIFF**
**V.**
**ALL DEFENDANTS (AMERICANS WITH DISABILITIES ACT)**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 83, the same as if set forth at length herein.

84.    At all times relevant to this action, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12, 101 *et seq*. Was in full force and effect in the United States.

85.    Plaintiff's Decedent, James Hodapp, enjoyed protection under the Americans with Disabilities Act, 42 U.S.C. § 12, 102, *et seq*, as a person with a disability.  Decedent suffered from bipolar disorder, depression and alcoholism each of which individually and together substantially limited one or more of his major life activities at the time he was incarcerated in the Lancaster County Prison.

86.    Defendants, at the time Decedent was incarcerated in the Lancaster County Prison and prior to his death, were aware that Decedent suffered from bipolar disorder, depression and alcoholism.

87.    Lancaster County Prison is a place of accommodation.

88.    Defendant Lancaster County owns and operates Lancaster County Prison.

89.    All other named Defendants are named in their official capacities as employees of Lancaster County Prison and Lancaster County.

90.    Defendants failed to provide services to Decedent.  Defendants failed to provide Decedent with the appropriate medical and psychiatric care.  Additionally, Defendants failed to

provide Decedent with appropriate housing and supervision while incarcerated in the Lancaster County Prison.

91.    Defendants, while aware of Decedent's medical health disabilities and suicidal tendencies, never provided Decedent with counseling or consultation with a psychiatrist or physician nor with any medications.  Defendants additionally housed Decedent in a segregation block of the Lancaster County Prison due to alleged misconduct instead of housing Decedent in a mental health unit.  While housed in a segregation block Defendants failed to provide necessary supervision of Decedent.

92.    Defendants' failure to provide Decedent with necessary housing, services and supervision occurred because of Defendants' discrimination against Decedent due to his disability.

93.    Defendants, because of Decedent's disabilities, excluded Decedent from participation in appropriate housing, services and medical treatment for a person with a disability.

94.    Defendants' failure to provide Decedent with necessary housing, services, medications and supervision was the direct and proximate cause of Decedent suffering seriously bodily harm including death.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT SIX**
**PLAINTIFF**
**V.**
**ALL DEFENDANTS (WRONGFUL DEATH)**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 94, the same as if set forth at length herein.

95.     On the occasion in question, James J. Hodapp, Jr., Decedent, was 32 years of age, in good physical health and had a reasonable life expectancy of approximately 45 more years.

96.     At the time of his death he was earning approximately $10,000.00 per year.

97.     He was a faithful and industrious son, husband and father and contributed to the support of his mother, wife and minor children and also gave counsel, advice and help and in all reasonable probability he would have continued to contribute to support, counsel, and advise his wife and mother for the remainder of their lives and his children until they reached the age of majority and probably thereafter.

98.     As a direct and proximate result of the acts and omissions of Defendants and the resultant death of James J. Hodapp, Jr., Decedent's surviving children have been deprived of Decedent's financial support, emotional support, comfort, society, counsel, services and care, all to their great detriment and loss.

99.     As a direct and proximate result of the acts and omissions of Defendants and the resultant death of James J. Hodapp, Jr., Decedent's surviving wife, Amy DeMascolo, has been deprived of Decedent's financial support, emotional support, comfort, society, counsel, services and care all to her great detriment and loss.

100.     As a direct and proximate result of the acts and omissions of Defendants and the resultant death of James J. Hodapp, Jr., Decedent's surviving mother, Sally Griggs, has been

deprived of the emotional support, comfort, society, counsel, services and care of the Decedent, her first child and only son, all to her great detriment and loss.

101.    As a further direct and proximate result of the acts and omissions of Defendants and the resultant death of James J. Hodapp, Jr., it was reasonable and necessary to provide for the funeral service and the burial of the Decedent for which the Estate of James J. Hodapp, Jr. has spent or will spend the sum of approximately Six Thousand Dollars ($6,000.00) which sum is fair, customary, reasonable and necessary.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT SEVEN
## PLAINTIFF
## V.
## ALL DEFENDANTS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 101, the same as if set forth at length herein.

102.    The acts of Defendants alleged in the preceding paragraphs constitute violations of Plaintiff's constitutional rights under the 4th, 8th and 14th Amendments, 42 U.S.C. § 1983 and 42 U.S.C. §§ 12, 101 *et seq*.

103.    Plaintiff is entitled to attorney's fees for the work performed by her attorneys in this action pursuant to 42 U.S.C. § 1988 and 42 U.S.C. §§ 12, 205.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT EIGHT**
**PLAINTIFF**
**V.**
**DEFENDANTS GUARINI, PROBST, BURKE, FAULKNER AND OTHER UNKNOWN CORRECTION OFFICERS AND PRISON STAFF NAMED HEREIN AS DEFENDANTS JOHN DOE AND RICHARD ROE, CATALFAMO, BRODT, SCHAIRER, DR. DOE, MCWILLIAMS, BAIR AND WALTZ**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 103, the same as if set forth at length herein.

104.    The herein described conduct of Defendants was malicious, wanton, willful, reckless, indifferent and intentionally designed to inflict grievous bodily harm and mental distress upon the person of the Decedent.

105.    As a result of the malicious, wanton, wilful, reckless, deliberately indifferent and intentional conduct of Defendants, Plaintiff demands punitive demands.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT NINE**
**JURY DEMAND**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 105, the same as if set forth at length herein.

106.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Amy DeMascolo hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

Respectfully submitted,

CRYSTLE, ALLEN & BRAUGHT, LLC

Date:   December 8, 2005          By:      s/Kevin C. Allen
                                           Kevin C. Allen, Esquire
                                           Attorney for Plaintiff, Amy DeMascolo,
                                           Administratrix for the Estate of James J. Hodapp, Jr
                                           Attorney I.D. No.  55232
                                           143 North Duke Street
                                           Lancaster, PA 17602
                                           Telephone:  (717) 393-0600
                                           Facsimile:  (717) 396-1028

<u>**VERIFICATION**</u>

I, <u>**AMY DeMASCOLO, Administratrix for the Estate of James J. Hodapp, Jr.,**</u> verify

that the statements made in the attached <u>**FIRST AMENDED CIVIL ACTION COMPLAINT**</u>

are true and correct.  The undersigned understands that false statements herein are made subject

to the penalties of the 18 PACSA §4904 relating to unsworn falsification to authorities.


Date: _____                          _____
                                                Amy DeMascolo
                                                Administratrix for the Estate of
                                                James J. Hodapp, Jr.

**<u>VERIFICATION</u>**

I, **<u>SALLY A. GRIGG,</u>** verify that the statements made in the attached **<u>FIRST</u>**

**<u>AMENDED CIVIL ACTION COMPLAINT</u>** are true and correct.  The undersigned

understands that false statements herein are made subject to the penalties of the 18 PACSA

§4904 relating to unsworn falsification to authorities.


Date: _____                    _____

                                                            Sally A. Grigg